UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

NiSource, Inc., *et al.*,

        Plaintiffs,

v.

Factory Mutual Insurance Company, *d/b/a/* FM Global,

        Defendant.

Case No. 2:20-cv-572

Judge Michael H. Watson

Magistrate Judge Vascura

## OPINION AND ORDER

On June 22, 2021, Magistrate Judge Vascura issued an Order denying Plaintiffs' motion to amend their Complaint. ECF No. 40. Plaintiffs timely objected, and Defendant responded. ECF Nos. 41 & 42. For the following reasons, Plaintiffs' objections are **OVERRULED**, and Magistrate Judge Vascura's Order, ECF No. 40, is **AFFIRMED**.

As an initial matter, Plaintiffs' request for oral argument is **DENIED**. The Court can decide the matter without the assistance of oral argument.

### I. BACKGROUND

Magistrate Judge Vascura's Order, ECF No. 40, sets forth the relevant facts. To summarize, Plaintiffs' Complaint, filed January 31, 2020, asserts claims for breach of contract and declaratory judgment, both arising out of an insurance claim for damage caused by a high-pressure release of natural gas into Plaintiffs' pipeline. ECF No. 1. On March 12, 2020, the Court entered a scheduling order,

which provided that "[m]otions or stipulations addressing the parties or pleadings, if any, must be filed no later than October 15, 2020," and "[a]ll discovery shall be complete by June 21, 2021." ECF No. 21 at 1, 3. On May 3, 2021—several months after the deadline to amend the pleadings had passed—Plaintiffs moved to amend their Complaint. ECF No. 33. Plaintiffs wanted to remove their declaratory judgment claim and add a claim for the tortious breach of the implied covenant of good faith and fair dealing. ECF No. 33.

On June 22, 2021, Magistrate Judge Vascura issued an Order denying Plaintiffs' motion. ECF No. 40. Therein, she explained the standard for past-deadline amendments to the pleadings under Federal Rule of Civil Procedure 16 and provided several pages of detailed analysis. *Id.* at 3–9. Relevant to Plaintiffs' objections, Magistrate Judge Vascura found that Plaintiffs failed to show good cause for a past-deadline amendment because they knew about the facts allegedly underlying the proposed new claim "well before the October 15, 2020 amendment deadline." *Id.* at 5. She also concluded that Defendant would be prejudiced by an amendment because the discovery period had already closed. *Id.* at 7–9.

## II. STANDARD OF REVIEW

Fed. R. Civ. P. 72(a) governs the review of a magistrate judge's order which is not dispositive of a claim or defense. Rule 72(a) provides a district judge must consider timely objections to the magistrate judge's order and must "modify or set aside any portions of the magistrate judge's order found to be

clearly erroneous or contrary to law." *Id.* "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985); *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 541 (6th Cir. 2007).

### III. ANALYSIS

Plaintiffs assert two objections to Magistrate Judge Vascura's Order: (1) it is clearly erroneous in its finding that Plaintiffs knew of the factual basis allegedly underlying its proposed new claim "well before" the amendment deadline; and (2) it is clearly erroneous in its conclusion that Defendant would be prejudiced by an amendment. Obj. 4–8, ECF No. 41. Neither objection is well-taken.

The Court begins with the first objection. In their motion before Magistrate Judge Vascura, Plaintiffs argued that Defendant blind-sided them in a February 2021 deposition. Mot. 6–7, ECF No. 33. Plaintiffs represented that, until that deposition, they intended to use "pressure analysis" to establish damage and that Defendant knew of that intent. *Id.* However, according to Plaintiffs, the February 2021 deposition revealed that this pressure analysis was not relevant to Defendant's coverage determination, because Defendant "only" considered "observable . . . physical loss of damage." *Id.*

Magistrate Judge Vascura found that Plaintiffs had not accurately characterized the February 2021 deposition testimony because the deponent did

"not state that the pressure analysis is irrelevant; he merely testified that observable evidence of physical damage was required in addition to the pressure analysis." Order 5, ECF No. 40. She went on to observe that Defendant had "maintained in letters dated August 9, 2019, and June 11, 2020, that '[i]nsured physical damage must be observable and requires distinct demonstrable alteration of insured property' and that '[s]uch evidence of physical damage has not been demonstrated or observed.' (Aug. 9, 2019 Letter 1–2, ECF No. 34-4; June 11, 2020 Letter 3, ECF No. 34-3.)." *Id.* Based on these observations, Magistrate Judge Vascura concluded that "Plaintiffs had notice of Defendant's observable physical damage requirement well before the October 15, 2020 amendment deadline." *Id.*

In their first objection, Plaintiffs reiterate their contention that Defendant changed its coverage-determination standard to require "observable . . . physical loss or damage" and that it did so after the amendment deadline. Obj. 4–7, ECF No. 41. These arguments are unpersuasive.

A review of the record establishes that Magistrate Judge Vascura's conclusion is not clearly erroneous. For example, in the August 2019 letter, Defendant advised Plaintiffs that a pressure analysis alone was insufficient to establish coverage and that the "physical damage must be observable." Aug. 9, 2019 Letter 1–2, ECF No. 34-4. Moreover, the only evidence Plaintiffs point to which may have persuaded Magistrate Judge Vascura to rule in their favor is deposition testimony taken a month before Plaintiffs' motion, but to which

Plaintiffs did not direct the Magistrate Judge's attention until their reply. *Compare* Obj. 6–7, ECF No. 41 *with* Mot., ECF No. 33; *see also* ECF No. 35. Arguments raised for the first time in a reply are waived. *See Ryan v. Hazel Park*, 279 F. App'x 335, 339 (6th Cir. 2008) ("Generally, this Court has found that an issue raised for the first time in a reply to a response brief in the district court is waived."). Similarly, this Court need not consider objections to a Magistrate Judge's order when the issues underlying those objections were not properly before the Magistrate Judge. *See Great Southland Ltd. v. Landash Corp.*, No. 2:17-cv-719, 2021 WL 1807545, at *3 (S.D. Ohio May 6, 2021) ("The Court cannot and will not consider overruling the Magistrate Judge's Order based [] on materials and arguments that were available but were not provided to her."); *Casablanca Builders, Inc. v. Rendlesham*, No. 1:05CV2562, 2006 WL 3022986, at *3 (N.D. Ohio Oct. 23, 2006) (observing that "only issues properly before the Magistrate Judge" were, "by extension," properly before the court). Consequently, Magistrate Judge Vascura's conclusion that Plaintiffs knew about the "observable . . . physical loss or damage" requirement long before the amendment deadline is not clearly erroneous.

Plaintiffs' second objection is likewise without merit. Plaintiffs object to the Magistrate Judge's conclusion that Defendant would be prejudiced by an amendment. As Magistrate Judge Vascura instructed:

> [t]he United States Court of Appeals for the Sixth Circuit has "repeatedly held that allowing amendment after the close of discovery creates significant prejudice." *Gormley v. Precision Extrusions, Inc.*,

174 F. App'x 918, 921 (6th Cir. 2006) (citing *Leary* [*v. Daeschner*], 349 F.3d [888], 907 [(6th Cir. 2003); *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 835 (6th Cir. 1999); *Moore v. City of Paducah*, 790 F.2d 557, 560 (6th Cir. 1986)); *see also Miller v. Admin. Office of Courts*, 448 F.3d 887, 898 (6th Cir. 2006) ("Because the discovery deadline had already passed and the deadline for filing dispositive motions . . . was imminent, the defendants would have been prejudiced if a further amendment had been permitted by the district court.").

Order, 7–8, ECF No. 40. Against this backdrop, Plaintiffs' only argument against prejudice was that their proposed amended pleading "will not prolong discovery as it is not seeking an extension of the court-ordered discovery deadlines, will not impact the trial date because no trial date has been set, and will otherwise not delay the resolution of this case." Mot. 8, ECF No. 33. In light of the prevailing Sixth Circuit rule that amendments after the close of discovery create prejudice, it was not clearly erroneous for Magistrate Judge Vascura to be unpersuaded by Plaintiffs' conclusory arguments. Accordingly, Plaintiffs' second objection is unavailing.

## IV. CONCLUSION

For these reasons, Plaintiffs' objections are **OVERRULED,** and Magistrate Judge Vascura's Order is **AFFIRMED**. The Clerk is **DIRECTED** to terminate ECF No. 41.

**IT IS SO ORDERED.**

_/s/ Michael H. Watson_
MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT